UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

                 Case No. 24-cv-993-pp

 v.

APPROXIMATELY 10983.26 TETHER (USDT)
CRYPTOCURRENCY FROM BINANCE ACCOUNT
USER ID NUMBER ENDING IN 6766,

    Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 9) AND DISMISSING CASE

   On August 7, 2024, the government filed a verified complaint for civil forfeiture *in rem* against approximately 10983.26 Tether in cryptocurrency from Binance account user ID number ending in 6766 ("Binance 6766"). The government posted notice on the official government website and served notice on a potential claimant in India. Dkt. Nos. 4, 5. After the time passed for filing a verified claim or answer, the Clerk of Court entered default at the government's request. The government now moves for default judgment, having established that the property constitutes or was derived from wire fraud committed under 17 U.S.C. §1343. Dkt. No. 9. The court will grant the motion for default judgment.

1

## I. Entry of Default

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The government seized the defendant property on or about March 21, 2024 from Binance 6766—which was held in the name of Aqib Shaikh, in San Francisco, California—under a seizure warrant (24-M-366) issued by Magistrate Judge Stephen C. Dries. Dkt. No. 9 at ¶2. Under Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and Civil Local Rule 101 (E.D. Wis.) (allowing for publication by posting notice on an official internet government forfeiture site for the time period prescribed in Supplemental Rule G(4)), the government posted notice on an official government internet site for at least thirty consecutive days beginning on August 8, 2024. Id. at ¶3; Dkt. No. 6. For any claimant who did not receive direct notice of the filing of the complaint, the deadline to file claims was October 7, 2024.

On August 20, 2024, the government also filed a Notice of the Complaint for Civil Forfeiture of Property and served it by Federal Express, along with a copy of the Verified Complaint for Civil Forfeiture and the Verification (collectively the "notice documents"), on potential claimant Aqib Shaikh at the address in India that Shaikh had provided when he registered for Binance

6766. Id. at ¶4; see Rule G(4)(b)(iii) of the Supplemental Rules for Admiralty or Maritime Claims. The same address was listed on Shaikh's Government of India issued driver's license (valid through April 25, 2030). Id. The Federal Express tracking history for the package reflects that Shaikh refused delivery on August 29, 2024. Id. at ¶5. The government also served notice on Shaikh via the email address that he used when registering for the account ending in 6766. Id. at ¶6. The automated delivery tracking notification receipt shows that the message was successfully delivered to the email address on August 20, 2024. Id. The notice documents informed Shaikh that he must file a claim to the defendant property within thirty-five days of the date of the notice of the complaint and must file an answer within twenty-one days after filing the claim. Id. 8. The thirty-five-day deadline—September 24, 2024—passed with no claims filed. The court is satisfied that the government's request for default was proper.

## II. Plaintiff's Motion for Default Judgment

After entry of default, the plaintiff may move for default judgment under Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id.

(quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The well-pleaded allegations in the complaint establish that the defendant property is subject to forfeiture under 18 U.S.C. §§ 981(a)(1)(C) and 984 because it constitutes or was derived from proceeds traceable to wire fraud, committed in violation of 18 U.S.C. § 1343, dkt. no. 1 at ¶8, and money laundering in violation of 18 U.S.C. §§1956 and 1957, id. at ¶9.

The complaint explained that on March 4, 2024, the City of Oconomowoc Police Department met with a female victim, L.M., who reported being defrauded of a total of $23,800 in a tech support fraud scam. Id. at ¶¶13-14. L.M. received a pop-up alert purporting to be from Microsoft Support claiming that her computer had been hacked. Id. at ¶16. She called for assistance as instructed by the alert and spoke with a purported Microsoft employee who walked her through various steps to gain access to her computer. Id. L.M. then received calls from someone purporting to be from her bank's fraud department, informing her that her account had been compromised. Id. That

4

individual told her withdraw $23,800 in United States currency from two separate bank branches and to tell bank personnel that she needed the money for home repairs. Id. at ¶18. As instructed, L.M. withdrew the money and deposited it into a Byte Federal Bitcoin ATM located at Okauchee Wine, Beer & Liquor in Okauchee, Wisconsin. Id. at ¶18-20. According to her transaction receipt and Binance records, approximately 0.0474694800 Bitcoin (BTC)—purchased at the Bitcoin ATM for $4,000 in United States currency—was transferred from the Bitcoin ATM to Bitcoin address bc1qld94ew9hjmh5pquqvs56ujtgdaehsyystxpvge, then immediately transferred to the address 1AxMcFEpVzpNYFhwbAGG5oVnCZENLcasmb ("1AxM"). Id. at ¶22. An additional 0.1166250000 Bitcoin was purchased at the Bitcoin AMT for $9,800 in U.S. currency and transferred from the Bitcoin ATM to Bitcoin address bc1qnqzvqrc7r37cr4wx3wus2mx35z8djh2pfgnrxr, then immediately transferred to the 1AxM address. Id. at ¶23. Law enforcement analysis determined that the 1AxM address is associated with the cryptocurrency exchange Binance. Id. at ¶24.

According to Binance records, the 1AxM address is associated with Binance 6766 held in the name of Aqib Shaikh. Id. at ¶25. The account was registered using an Indian identification card. Id. at ¶26. The Binance records also show that the owner of Binance 6766 comingled funds from the March 4, 2024 deposits and converted them to approximately 15,000 Tether. Id. at ¶¶27-28. Analysis of the IP addresses used to access Binance 6766 reflects that the user's account was primarily accessed using IP addresses in India. Id. at ¶29.

The case agents relied on their experience, training and the investigation to conclude that the Binance 6766 account contained wire fraud proceeds and that the account was used to disguise the approximately $23,800 stolen from L.M. in the fraud scheme. Id. at ¶30. The government has demonstrated that the defendant property constitutes wire fraud proceeds and was also involved in money laundering, in violation of 18 U.S.C. §§1956 and 1957.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 9.

The court **ORDERS** that the defendant property, approximately 10,983.26 Tether (USDT) cryptocurrency from Binance account user ID number ending in 6766 is **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service or its duly authorized agent must seize the defendant property and dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 10th day of January, 2025.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**